UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAD A. MAERTZ,

    Petitioner,

    v.                                        Case No. 07-C-0811

GREG GRAMS, Warden,

    Respondent.

**ORDER ON RULE 4 REVIEW, ON PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, AND ON PETITION TO PROCEED IN FORMA PAUPERIS**

On September 10, 2007, petitioner Chad A. Maertz ("Maertz") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to the allegations of his petition, on February 10, 2003, Maertz was convicted of attempted forceful abduction of a child, in violation of Wis. Stat. § 948.30(2)(b), in the Fond du Lac County Circuit Court. Maertz was sentenced to serve 20 years incarceration, with 10 years of extended supervision. On December 20, 2006, the Wisconsin Court of Appeals affirmed his conviction and on March 14, 2007, the Wisconsin Supreme Court denied his petition for review.[1]

Maertz sets forth three claims: (1) that the trial court denied him a fair trial by allowing the State to present other acts evidence; (2) that the trial court erred when it refused to grant a new trial after the State made "golden rule" arguments to the jury during closing argument; and (3) that the trial court denied him a fair trial when it refused to transfer venue, despite extensive pre-trial publicity.

---

[1] On August 29, 2005, Maertz filed a petition for writ of habeas corpus with the Wisconsin Court of Appeal claiming that his appellate attorney had provided ineffective assistance of counsel by failing to timely pursue appellate remedies. On September 15, 2005, the court of appeals granted Maertz's petition and reinstated Maertz's appeal rights.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say from Maertz's petition that he is not entitled to relief in the district court. Therefore, assuming that the filing fee is paid in accordance with the provisions of this order, respondent will be ordered to file an answer to the petition, and the briefing schedule, which is set forth below, will thereafter govern the processing of Maertz's petition.

Before completing this order, however, there are several additional matters to address. First, the petitioner has sought permission to proceed in forma pauperis. In support of his petition he has provided an affidavit setting forth his assets and liabilities and attaching thereto a copy of his prison trust account activity statement. According to his affidavit, Maertz has no assets and receives income of only $56.00 per month. However, his prison account has a balance of $595.36. Given that the filing fee for a federal habeas corpus petition is only $5.00, I am satisfied that Maertz's petition to proceed in forma pauperis should be denied. Accordingly, if he wishes to proceed on this federal habeas corpus petition, <u>Maertz shall pay the filing fee within 20 days of the date of this order.</u>

Furthermore, Maertz has filed a motion seeking appointment of counsel pursuant to 18 U.S.C. § 3006A. Attached to his motion is a letter to Maertz from Attorney Sara E. Spiering of DeWitt Ross & Stevens, S.C. in which Attorney Spiering states the following:

> I am willing to serve as appointed counsel for you in the United States District Court for the Eastern District of Wisconsin on your Petition for a Writ of Habeas Corpus. Because

Dan Hildebrand and I represented you on your appeal to the Wisconsin Supreme Court, I am familiar with your case and believe that I can provide you with meaningful representation.

Title 18 U.S.C. § 3006A(2) provides, in pertinent part, as follows:

Whenever the United States magistrate judge . . . determines that the interests of justice so require, representation may be provided for any financially eligible person who –

    (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

I am persuaded that Maertz is financially eligible for appointment of counsel under the provisions of 18 U.S.C. § 3006A. I am also persuaded that, given the nature of the claims set forth in Maertz's petition for writ of habeas corpus, the interests of justice call for appointment of counsel pursuant to 18 U.S.C. § 3006A. Consequently, should Maertz elect to pay the filing fee in this action, Attorney Sara E. Spiering will be appointed as counsel for him pursuant to § 3006A.

Finally, assuming that Maertz pays the filing fee, the following schedule will govern the processing of this action. <u>On or before December 14, 2007</u>, the respondent shall file his answer to the petition; <u>on or before February 1, 2008</u>, the petitioner shall file his brief in support of the petition; <u>on or before March 14, 2008</u>, the respondent shall file his brief in opposition to the petition; <u>on or before April 15, 2008</u>, the petitioner shall file his reply brief in support of the petition.

**NOW THEREFORE IT IS ORDERED** that the petitioner's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that within 20 days of the date of this order the petitioner shall pay to the clerk of court the filing fee;

**IT IS FURTHER ORDERED** that, conditioned on the petitioner's paying the filing fee, the petitioner's motion for appointment of counsel be and hereby is **GRANTED**;

3

**IT IS FURTHER ORDERED**, conditioned on the petitioner's paying the filing fee, that pursuant to the provisions of 18 U.S.C. § 3006A(a)(2)(B), Attorney Sara E. Spiering be and hereby is appointed to serve as counsel for the petitioner in this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Federal Defender Services to make the necessary arrangements for the appointment of counsel for the petitioner;

**IT IS FURTHER ORDERED** that the following schedule shall govern the processing of the petition:

On or before December 14, 2007, the respondent shall file his answer to the petition.

On or before February 1, 2008, petitioner shall file his brief in support of the petition.

On or before March 14, 2008, the respondent shall file his brief in opposition to the petition.

On or before April 15, 2008, the petitioner shall file his reply brief in support of the petition.

**SO ORDERED** this 26th day of September 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge